[Cite as *State v. Thaler*, 2025-Ohio-2818.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| JAMES THALER, | : | Case No. 24AP0011 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Morgan County
                                 Court of Common Pleas, Case No.
                                 24CR0006

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                August 7, 2025

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

RICHARD D. WELCH                      BRIAN W. BENBOW
Morgan County Prosecuting Attorney    Benbow Law Offices LLC
19 E. Main Street                     265 Sunrise Center Drive
McConnelsville, OH  43756             Zanesville, OH  43701

*Montgomery, J.*

**{¶1}** This matter comes before the Court upon the Motion to Withdraw and *Anders* brief filed by Attorney Brian Benbow, appellate counsel for Defendant-Appellant, James Thaler ("Appellant"). After Appellant pled guilty to strangulation, Appellant was convicted and sentenced to 12 months imprisonment. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

## FACTS AND PROCEDURAL HISTORY

**{¶2}** Appellant was indicted by the Morgan County Grand Jury with F5 strangulation in violation of R.C. 2903.18(B)(3). Appellant initially pled not guilty but later decided to change his plea. On June 26, 2024, a change of plea hearing took place wherein Appellant was represented by counsel and the court conducted its Crim. R 11 colloquy. Prior to the plea hearing, Appellant executed a written plea of guilty and waiver of rights/notification forms after reviewing said forms with counsel. On September 16, 2024, a sentencing hearing took place and the trial court sentenced Appellant to twelve months incarceration. The sentence imposed was a maximum sentence, despite there being a Joint Sentencing Recommendation of five years community control. The trial court stated it imposed the maximum due to Appellant's extensive criminal record, including a prior felony conviction and a misdemeanor offense of violence in the prior two years. The trial court informed Appellant directly at both the plea hearing and the sentencing hearing that it was not bound by the Joint Sentencing Recommendation. Appellant understood this fact at the plea hearing and proceeded with his guilty plea.

**{¶3}** Appellate counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), and sets forth the following "potential" assignments of error:

{¶4} "I. THE COURT ERRED IN IMPOSING A SENTENCE THAT WAS GROSSLY DISPROPORTIONATE TO APPELLANT'S CONDUCT AND NOT IN ACCORDANCE WITH STATUTES GOVERNING FELONY SENTENCING AND WHICH SENTENCE DEMONSTRATES [AN] UNNECESSARY BURDEN ON STATE RESOURCES."

{¶5} "II. THE TRIAL COURT ERRED BY IMPOSING MAXIMUM CONSECUTIVE SENTENCES, WHICH SENTENCE WAS GREATER THAN AGREED UPON BY THE PARTIES IN BREACH OF THE PRIOR PLEA AGREEMENT."

{¶6} "III. THE TRIAL COURT ERRED BY NOT CONTINUING THE SENTENCING HEARING WHEN THE STATE OF OHIO ASKED THE COURT FOR A MAXIMUM CONSECUTIVE SENTENCE IN VIOLATION OF THE PRIOR PLEA AGREEMENT."

{¶7} "IV. APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984)."

{¶8} The Motion to Withdraw and *Anders* Brief, states that counsel has reviewed the entire record, researched potential issues, and determined that there were no meritorious issues for review which would support an appeal. Attorney Benbow requests that this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal.

## Standard of Review - *Anders v. California*

{¶9} In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel must also: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully

examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

{¶10} By Judgment Entry filed March 10, 2025, this Court indicated that it had received notice pursuant to *Anders* that Attorney Benbow provided Appellant a copy of the *Anders* appeal brief.  In that same Judgment Entry, this Court informed Appellant he may file a pro se brief in support of the appeal within 30 days from the date of the Entry. Neither the State of Ohio nor Appellant has filed any brief in Response to counsel's *Anders* brief.

{¶11} The record establishes that Appellant's counsel satisfied *Anders* requirements. Accordingly, we proceed to review the potential assignments of error to determine if any arguably meritorious issues exist, keeping in mind that,

> *Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue is not lacking in that regard merely because the prosecution can be expected to present a strong argument in reply. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.

*State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2d Dist.); *State v. Moore*, 2009-Ohio-1416, ¶ 4 (2d Dist.); *State v. Grant,* 2023-Ohio-4614, ¶ 11 (5th Dist.); *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).

**First, Second, and Third Potential Assignments of Error**

{¶12} Although appellate counsel acknowledges that: (1) the trial court complied or substantially complied with Crim. R. 11 in accepting Appellant's guilty plea; (2) the trial court clearly informed Appellant at the plea hearing and at sentencing that it did not have to accept the parties' joint recommendation regarding sentence; and (3) the sentence imposed is within the statutory guidelines - counsel asserts three potential assignments of error related to the sentence imposed. Because all three potential assignments of error are interrelated, we address them together.

{¶13} In accordance with R.C. 2953.08(A)(1), Appellant is entitled to appeal the maximum sentence imposed on his conviction. A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence investigation reports. R.C. 2953.08(F)(1) through (4). We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Pursuant to R.C. 2953.08(G)(2), an appellate court may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell,* 2014-Ohio-3177, ¶ 28.

{¶14} Importantly, the Fifth District recognizes that a trial court is not bound by a sentencing recommendation proffered by the State. *See State v. Underwood*, 2018-Ohio-730 (5th Dist.); *State v. Hartrum*, 2015–Ohio–3333, ¶ 14 (5th Dist.), citing *State v. Kitzler*, 2002–Ohio–5253, ¶ 9 (3rd Dist.). Thus, where a trial court complies with Crim. R. 11 by

informing the defendant that the State's sentencing recommendation is not binding upon it, a defendant's plea is knowingly and voluntarily made. *State v. Campbell*, 2014–Ohio–4780, ¶ 9 (9th Dist.) (citation omitted).

### Appellant's Guilty Plea

**{¶15}** Appellant pled guilty to strangulation, a felony in the fifth degree. Although counsel does not contend that the guilty plea was improperly entered, it is relevant to the sentencing issue raised in the *Anders* brief and whether Appellant was informed that the court did not have to follow the jointly recommended sentence.

**{¶16}** When reviewing a plea's compliance with Criminal Rule 11(C), we apply a de novo standard of review. *State v. Nero,* 56 Ohio St.3d 106, 108-109 (1990); *State v. Lebron,* 2020-Ohio-1507, ¶ 9 (8th Dist.); *State v. Groves,* 2019-Ohio-5025, ¶ 7 (5th Dist.). Recently, this Court stated:

> The entry of a guilty plea is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. *See Machibroda v. United States*, 368 U.S. 487 (1962). A plea of guilty constitutes a complete admission of guilt. Crim. R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *State v. Hinkle*, 2024-Ohio-5499, ¶¶ 24-25 (5th Dist.), *appeal not allowed,* 2025-Ohio-857, citing *United States v. Broce*, 488 U.S. 563, 570 (1989).

**{¶17}** As such, Crim. R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. *Hinkle*, ¶¶ 24-25. Although literal compliance with Crim. R.

11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim. R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475 (1981), *citing State v. Stewart*, 51 Ohio St.2d 86 (1977).[1] Moreover, a written waiver of constitutional rights is presumed to have been voluntary, knowing, and intelligent. *State v. Turner*, 2005-Ohio-1938, ¶ 25; *State v. Clark*, 38 Ohio St.3d 252, 261 (1988); *see also, North Carolina v. Butler*, 441 U.S. 369, 374-375 (1979) (Reviewing a suspect's waiver of *Miranda* rights); *State v. McKnelly*, 2024-Ohio-2696, ¶ 29 (5th Dist.).

**{¶18}** In the case at bar, we note that Appellant executed a written plea of guilty form, a waiver of rights, and notification prior to the plea hearing and with the assistance of counsel. Generally, a written waiver of constitutional rights is presumed to have been voluntary, knowing, and intelligent. *State v. Turner*, 2005-Ohio-1938, ¶ 25; *State v. Clark*, 38 Ohio St.3d 252, 261 (1988); *see also, North Carolina v. Butler*, 441 U.S. 369, 374-375

---

[1] The constitutional rights that a judge must advise a defendant before accepting a guilty plea are: (1) the right to a jury trial or a trial to the court; (2) the right to confront the witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *State v. Veney,* 2008-Ohio-5200*,* ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *Id*. at ¶ 31*.*

The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim. R. 11(C)(2)(a) / (b); *Veney* at ¶¶ 10-13; *State v. Sarkozy*, 2008-Ohio-509, ¶¶ 19-26, (post-release control is a non-constitutional advisement). For the non-constitutional rights, the trial court must substantially comply with Crim. R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney,* ¶ 15.

(1979) (Reviewing a suspect's waiver of *Miranda* rights); *State v. McKnelly*, 2024-Ohio-2696, ¶ 29 (5th Dist.).

**{¶19}** During the plea hearing, the court went over the forms and asked Thaler's counsel, "And in your legal opinion, does he understand all the terms and conditions of the change of plea?" *Plea Tr*., p. 4. Counsel replied, "Yes, sir." *Id.* Thaler then acknowledged on the record that he understood the written plea of guilty and waiver of rights and notification form, and that after reading it and reviewing it with his counsel, he voluntarily signed it. Further, the court warned Thaler, more than once, and Thaler understood that the Judge alone decides the appropriate sentence and that the court was not obligated to follow any recommendation or agreement between the parties. The court stated, "and I am not obligated to do what the attorneys recommend, even in a case like this, where the attorneys are jointly recommending a sentence. Do you understand that I'm free to sentence you how I wish, as long as I stay within the bounds of the law?" *Id*., p. 10. Thaler replied, "Yes." *Id.*

**{¶20}** As such, the record supports that Appellant understood this fact and proceeded with his guilty plea. Because Appellant's plea is valid, we proceed to discuss the trial court's imposition of sentence.

## Sentencing

**{¶21}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 2013-Ohio-5025, ¶ 7 (8th Dist.); *State v. McMillen*, 2022-Ohio-1212, ¶ 10 (5th Dist.). "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish

the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A).

**{¶22}** To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶23}** R.C. 2929.12 lists general factors the trial court must consider in determining the sentence to be imposed for a felony and sets forth criteria which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11 and R.C. 2929.12. Importantly, nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if a sentence is contrary to law. *State v. Pettorini*, 2021-Ohio-1512, ¶ 15 (5th Dist.).

**{¶24}** A sentence is not contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the

permissible statutory range." *Id.* at ¶¶ 14-16 (citation omitted). Indeed, "a maximum sentence is not contrary to law when it is within the statutory range and the trial court considered the statutory principles and purposes of sentencing as well as the statutory seriousness and recidivism factors." *See, e.g., State v. Carpenter*, 2017-Ohio-9038, ¶ 23 ("Appellant's sentence is within the statutory range and the court engaged in the considerations required by R.C 2929.11 and R.C. 2929.12; Appellant was advised repeatedly that the trial court was not bound by the joint sentence recommendation."), quoting, *State v. Sawyer*, 2017-Ohio-1433, quoting *State v. Talley*, 2016-Ohio-8010 (2d Dist.).

{¶25} Here, the sentencing Entry expressly indicates that the trial court considered all statements in mitigation, the statements of the parties, the presentence investigation, and any statements from the victims or their representatives. It further states it considered the principles and purposes of sentencing as set forth in R.C. 2929.11, the overriding purposes of sentencing - which are to punish the offender and protect the public from future crime – as well as the seriousness and recidivism factors set forth in R.C. 2929.12. As reflected in the Entry, the court rejected the joint recommendation of 5 years community control and imposed a prison term because (1) Thaler had a prior conviction for a felony offense; (2) Thaler had been convicted of a misdemeanor offense "of violence" in the preceding two years; (3) Thaler caused physical harm to another person in the instant matter; (4) and Thaler attempted to cause or made an actual threat of physical harm to a person and Thaler was "previously convicted of an offense that caused physical harm to a person."

**{¶26}** A review of the sentencing transcript reveals that the court fully considered the above sentencing principles, as set forth in the Entry. The court detailed Thaler's extensive criminal history and stated, "[b]y my count there's either 5 or 6 counties in the last nearly 30 years. There's nothing in that report that indicates to me that the defendant is amenable to community control." *Sent. Tr.*, p. 8. The court heard from both parties regarding the jointly recommended sentence and ultimately determined that Thaler should receive the maximum sentence based on the facts involved in this case as well as his prior criminal history. The court stated:

I do not believe there's a single time where there was a joint recommended community control that I didn't impose community control. * * * Today, I'm going to. I don't think I would be doing my job if I put the defendant on community control. I would be a fool to think that judge and multiple judges in Mercer, Muskingum, Perry, Montgomery, Auglaize, have given defendant community control or prison in the past and think that me giving him community control is going to accomplish anything. It's the same thing over and over and over again. And I didn't mention the Florida case which got dismissed that's a strangulation. And what are we here for, a strangulation.

*Id*. at pp. 8-9.

**{¶27}** After a review of the entire record, we find the maximum sentence imposed is supported in this case and is not clearly and convincingly contrary to law. The guilty plea was valid, Appellant was fully aware that the court could reject the jointly recommended sentence but pled guilty anyway, and the sentence imposed is clearly supported by the record. Thus, we do not have authority to disturb the sentence on

appeal. After independently reviewing the record, we find no arguably meritorious issues exist with respect to whether the sentence was invalid or otherwise contrary to law. Accordingly, appellant's first, second, and third potential assignments of error are, therefore, without merit.

### Ineffective Assistance of Counsel

{¶28} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *Strickland v. Washington,* 466 U.S. 668 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, citing *Michel v. Louisiana,* 350 U.S. 91, 101 (1955). "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶29} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* at 694. In the *Anders* brief, counsel Benbow states there is no evidence in the record that trial counsel was ineffective. After a thorough independent review of the record, we agree with counsel and find no cognizable claim regarding ineffective

assistance of counsel. Thus, Appellant's fourth potential assignment of error is without merit.

## CONCLUSION

**{¶30}** After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders.* Attorney Benbow's motion to withdraw as counsel for Appellant is hereby granted. The judgment of the Morgan County Court of Common Pleas is affirmed.

By: Montgomery, J.

Hoffman, P.J. and

King, J. concur.