[Cite as *State v. McMillen*, 2022-Ohio-1212.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

LONNIE MCMILLEN, SR.

    Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 21AP0005

O P I N I O N

CHARACTER OF PROCEEDINGS:     Appeal from the Morgan County Court of Common Pleas, Case No. 20CR0047

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     April 7, 2022

APPEARANCES:

For Plaintiff-Appellee

MARK HOWDYSHELL
Morgan County, Ohio
Assistant Prosecuting Attorney
109 E. Main Street
McConnelsville, Ohio 43756

For Defendant-Appellant

BRIAN W. BENBOW
Benbow Law Offices, LLC
265 Sunrise Center Drive
Zanesville, Ohio 43701

*Hoffman, P.J.*

{¶1} Defendant-Appellant Lonnie D. McMillen, Sr., appeals the judgment entered by the Morgan County Common Pleas Court convicting him following his pleas of guilty to four counts of pandering obscenity involving a minor (R.C. 2907.0321(A)(1)), one count of sexual battery (R.C. 2907.03(A)(5)), and two counts of gross sexual imposition (R.C. 2907.05(A)(1)), and sentencing him to an aggregate term of seventeen years and six months incarceration.  Appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} Beginning around 2011, when his two granddaughters were the ages of ten and twelve, and extending through the time the girls were in high school, Appellant engaged in sexual activity with his granddaughters.  He recorded this activity on VHS tapes, which he later transferred to DVD.

{¶3} On November 10, 2020, Appellant was indicted on fifteen felony charges by the Morgan County Grand Jury:  ten counts of pandering obscenity of a minor, two counts of rape, one count of sexual battery, and two counts of gross sexual imposition.

{¶4} On August 18, 2021, Appellant entered guilty pleas to four counts of pandering obscenity involving a minor, one count of sexual battery, and two counts of gross sexual imposition.  In exchange for his guilty pleas, the remaining counts were dismissed by the State.

{¶5} The matter proceeded to sentencing on September 29, 2021.  The trial court sentenced Appellant to eight years incarceration for count one of pandering obscenity, to be served consecutively to the sentences imposed for sexual battery and one count of gross sexual imposition.  The trial court sentenced Appellant to eight years incarceration for counts two through four of pandering obscenity, to be served concurrently with all

other sentences.  The court sentenced Appellant to eight years incarceration for sexual battery, to be served consecutively to the sentences imposed for one count of pandering obscenity and for one count of gross sexual imposition.  The trial court sentenced Appellant to eight months incarceration on each count of gross sexual imposition, with the sentence on one count to be served consecutively to the sentence for count one of pandering obscenity and the sentence for sexual battery.  The trial court further ordered Appellant to pay court costs and the costs of his court-appointed counsel within four years.

{¶6}  It is from the October 1, 2021 judgment of the trial court Appellant prosecutes this appeal, assigning as error:


I. THE COURT ERRED IN IMPOSING MAXIMUM CONSECUTIVE SENTENCES THAT WERE NOT SUPPORTED BY THE RECORD AND THUS CONTRARY TO LAW.

II. THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING APPELLANT TO PAY COURT COSTS AND APPOINTED COUNSEL FEES WITHOUT CONSIDERING APPELLANT'S FUTURE ABILITY TO PAY WITHIN FOUR YEARS OF A SEVENTEEN AND A HALF YEAR SENTENCE.


{¶7}  We note, this matter comes before this Court pursuant to the accelerated calendar and App. Rule 11.1. Accordingly, it is sufficient compliance with Appellate Rule 12(A) for the statement of the reason for this Court's decision as to each error to be in

brief and conclusionary form. We also note the State has failed to file a brief in the instant case.

I.

{¶8} In his first assignment of error, Appellant argues the trial court erred in sentencing him to maximum and consecutive sentences.

{¶9} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, *citing State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id.*, *citing State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

{¶10} When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

{¶11} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the

offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. § 2929.11(B).

**{¶12}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11 and R.C. 2929.12.

**{¶13}** Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 169 N.E.3d 649, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if a sentence is contrary to law. *State v. Pettorini*, 5th Dist. Licking No. 2020 CA 00057, 2021-Ohio-1512, ¶ 15

**{¶14}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *Id.* at ¶¶ 14-16, *quoting State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 & CA2019-03-026, 2019-Ohio-4209, ¶ 36.

**{¶15}** In the instant case, the sentencing entry states the trial court has considered all statements in mitigation, the statements of the parties, the presentence investigation, and any statements from the victims or their representatives, and has considered the principles and purposes of sentencing set forth in R.C. 2929.11, as well as the seriousness and recidivism factors in R.C. 2929.12. We find the maximum sentences imposed are not clearly and convincingly contrary to law in the instant case, and thus we do not have authority to disturb the sentence on appeal.

**{¶16}** Appellant also argues the trial court erred in imposing consecutive sentences.

**{¶17}** R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶18}**  The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Smith*, 10th Dist. Franklin No. 18AP-525, 2019-Ohio-5199, ¶ 34, *citing State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.

**{¶19}** Appellant concedes the trial court made the required findings in its sentencing entry, but argues the trial court failed to make the findings at the sentencing hearing.  The following colloquy occurred during the sentencing hearing:

MR. HOWDYSHELL:  Yes, Your Honor.  We would ask the Court to find that concurrent sentencing for all the crimes committed by the defendant would be demeaning to the purposes and principles of sentencing and would not adequately punish the offender, nor deter others

from future behavior of such nature, and that it is appropriate to impose consecutive sentencing in order to protect the purposes and principles of sentencing and to punish the defendant in an appropriate fashion. It's a technical thing.

THE COURT: That will be - - that will be so noted and – and just for the record, that I started writing the technical parts of my entry, and one of the things that the Court will find, that at least two of the multiple offenses were committed and harm caused to two or more individuals, and that no single prison sentence for any of the offenses committed reflect the seriousness of the defendant's conduct. The Court agrees with the State on the technical nature of the findings with respect to both concurrent and consecutive sentencing.

**{¶20}** Sent. Tr., 19.

**{¶21}** We find the trial court's statements, coupled with its adoption of the language used by the State in its request for findings concerning consecutive sentencing, constitute sufficient compliance with R.C. 2929.14. We have reviewed the presentence investigation report included in the record, as well as the statements made to the trial court by the mother of the victims and by the aunt of the victims, who discovered the videotapes in Appellant's home, concerning the devastating effect Appellant's actions had on the victims and the family. We find the trial court's findings concerning consecutive sentencing are supported by the record.

**{¶22}** The first assignment of error is overruled.

II.

**{¶23}** In his second assignment of error, Appellant argues the trial court erred in ordering him to pay court costs and court-appointed attorney fees without considering his present and future ability to pay.

**{¶24}** The case law cited by Appellant discusses consideration of ability to pay in issuing financial sanctions against a defendant as a part of his sentence. In contrast, neither court costs nor court-appointed counsel fees are punishment, but rather, are a civil assessment which is not part of Appellant's sentence. *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, ¶7 (court costs are not punishment and are not part of sentence); *State v. Taylor*, 163 Ohio St.3d 508, 2020-Ohio-6786, 171 N.E.3d 290, ¶37 (appointed counsel fees are a civil assessment and not part of sentence).

**{¶25}** R.C. 2947.23(A)(1)(a) provides, "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs." This statutory language requires the trial court to impose court costs against all criminal defendants, indigent or not. *State v. Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, 163 N.E.3d 486, ¶6. Although in the instant case Appellant did not move to waive, suspend, or modify court costs, even had such a motion been made, the trial court would not have been required to consider the defendant's ability to pay in assessing the motion. *Id.* at ¶16. We therefore find no error in the trial court's failure to consider Appellant's ability to pay court costs, as the trial court was required to impose costs by statute, and even had Appellant moved to waive costs, the trial court need not consider his ability to pay.

{¶26} Regarding the assessment of the costs of court-appointed counsel, R.C. 2941.51(D) provides in pertinent part:

> (D) The fees and expenses approved by the court under this section shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay.

{¶27} A trial court is not required to make explicit findings on the record regarding the defendant's ability to pay before assessing court-appointed-counsel fees. *State v. Taylor*, 163 Ohio St.3d 508, 2020-Ohio-6786, 171 N.E.3d 290, ¶27. However, in the instant case, the trial court found in its judgment entry it considered Appellant's present and future ability to pay. The trial court had before it Appellant's financial information, as well as a full presentence investigation report. We find no error in the trial court's assessment of appointed counsel fees.

**{¶28}** The second assignment of error is overruled.  The judgment of the Morgan County Common Pleas Court is affirmed.


By: Hoffman, P.J.

Wise, John, J.  and

Baldwin, J. concur