[Cite as *State v. Thorpe*, 2026-Ohio-412.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0070 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0312 |
| DUSTIN O. THORPE, | |
| | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: February 6, 2026 |

**BEFORE:** Andrew J. King; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; APRIL F. CAMPBELL, for Defendant-Appellant.

*Montgomery, J.*

**{¶1}**   This matter comes before the Court upon the Motion to Withdraw and *Anders* brief filed by Attorney April Campbell, appointed appellate counsel for Defendant-Appellant, Dustin Thorpe ("Appellant").   After timely filing the notice of appeal, appellate counsel filed the instant Motion and brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

### STATEMENT OF THE CASE AND RELEVANT FACTS

**{¶2}**   Appellant is currently serving an aggregate prison term of 12 years after he pled guilty to four (4) felonies and one gun specification.   The charges arose from a drug

task force's use of a confidential informant who purchased approximately one ounce of methamphetamines from Appellant on two separate occasions (30 grams one day; 26.6 grams the other day). The task force obtained a warrant to search Appellant's home. The search revealed an additional 4.6 grams of methamphetamines, six guns, scales and pipes and $3,250.00 in cash. Appellant confessed to trafficking methamphetamines.

{¶3} The State and Appellant negotiated a plea deal and Appellant pled guilty to two second-degree felony drug trafficking offenses, one third-degree felony possession of drugs with a one-year firearm specification, and one count of weapons while under disability. In exchange, the State dismissed the remaining nine (9) counts in the indictment. It also dismissed the firearm specifications, except the one referenced. The State reserved the right to argue an appropriate sentence. On August 19, 2025, a change of plea hearing was held. The court detailed the offenses and possible penalties for each and Appellant stated he understood and went forward with his pleas. *Change of Plea Tr.*, at pp. 6-11. That same day, the court proceeded to sentence Appellant. The State requested a fifteen-year prison term while Appellant argued for something closer to the minimum. Ultimately, the court imposed a 12-year aggregate sentence, nine years being mandatory.

{¶4} Although Appellant timely filed an appeal to this Court, Appellant's court-appointed counsel later filed the instant brief pursuant to *Anders v. California,* 386 U.S. 738 (1967) and a corresponding Motion to Withdraw. The Motion to Withdraw and *Anders* Brief state that counsel has reviewed the entire record, researched potential issues, and determined that there are no non-frivolous issues to support an appeal. Attorney Campbell states the record demonstrates Appellant's guilty pleas were knowing,

intelligent, and voluntary and that his sentences are not contrary to law. Attorney Campbell requests that this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal.

## STANDARD OF REVIEW

{¶5} In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* The *Anders* procedure "permit[s] appellate counsel to represent an indigent client and yet avoid the ethical pitfall of filing a frivolous appeal." *State v. Tsibouris*, 2013-Ohio-3324, ¶ 4 (1st Dist.). Thus, a defendant's right to appeal does not include a frivolous appeal. *State v. Taylor*, 2015-Ohio-420 ¶ 4 (8th Dist.), citing *Penson v. Ohio*, 488 U.S. 75, 83-84 (1988).

{¶6} The *Anders* procedure is designed for cases in which "counsel finds [the] case to be wholly frivolous, after a conscientious examination" of the record. *Anders*, at 744. Accordingly, a comprehensive review of the record is a fundamental first step. "Counsel cannot conclude an appeal is frivolous without first conducting a detailed review of the case." *Tsibouris,* at ¶ 6. This detailed review must include a complete review of the case, including all transcripts. *See Tsibouris*; *In re A.J.F.*, 2018-Ohio-1208, ¶¶ 22-24 (11th Dist.).

{¶7} Counsel must also: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client

chooses. *Anders*, at 744. Once counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

{¶8} By Judgment Entry filed October 9, 2025, this Court indicated that it had received notice pursuant to *Anders* that Attorney Campbell provided Appellant a copy of the *Anders* brief. In that same Judgment Entry, we informed Appellant he may file a pro se brief in support of the appeal within 60 days from the date of the Entry. Appellant has not filed anything to date.

{¶9} The record establishes that Appellant's counsel satisfied *Anders* requirements. Accordingly, we proceed to review the potential assignments of error to determine if any arguably meritorious issues exist, keeping in mind that:

*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue is not lacking in that regard merely because the prosecution can be expected to present a strong argument in reply. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.

{¶10} *State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2d Dist.); *State v. Moore*, 2009-Ohio-1416, ¶ 4 (2d Dist.); *State v. Grant,* 2023-Ohio-4614, ¶ 11 (5th Dist.); *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).

## POTENTIAL ASSIGNMENT OF ERROR

{¶11} "I. THE TRIAL COURT ERRED IN ACCEPTING THORPE'S GUILTY PLEAS UNDER CRIM.R. 11 AND ERRED IN SENTENCING THORPE."

***Guilty Plea***

**{¶12}** When reviewing a plea's compliance with Criminal Rule 11(C), we apply a de novo standard of review. *State v. Nero,* 56 Ohio St.3d 106, 108-109 (1990); *State v. Lebron,* 2020-Ohio-1507, ¶ 9 (8th Dist.); *State v. Groves,* 2019-Ohio-5025, ¶ 7 (5th Dist.). This Court has stated:

> The entry of a guilty plea is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. See *Machibroda v. United States*, 368 U.S. 487 (1962). A plea of guilty constitutes a complete admission of guilt. Crim.R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *State v. Hinkle*, 2024-Ohio-5499, ¶¶ 24-25 (5th Dist.), *appeal not allowed,* 2025-Ohio-857, citing *United States v. Broce*, 488 U.S. 563, 570 (1989).
>
> As such, Crim.R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. *Hinkle*, ¶¶ 24-25.

**{¶13}** Here, after independently reviewing the entire record, we conclude that Appellant's guilty plea was knowingly, voluntarily, and intelligently made. The change of plea hearing transcript reveals that the parties executed written plea documents, signed by the State, Appellant, and defense counsel. The State outlined the charges for which the Appellant would plead guilty, and Appellant indicated he understood these charges. The Court presented the maximum potential penalties that could be imposed for each

Count and explained post-release control. Appellant indicated he understood the penalties involved and wished to proceed with his guilty plea.

{¶14} Similarly, the Court fully complied with the constitutional requirements of Crim.R. 11 and more than substantially complied with the non-constitutional requirements. Appellant clearly indicated he understood the rights he was giving up in exchange for his guilty plea. Appellant was represented by counsel, indicated he was satisfied with his representation, and fully understood that the court could impose a sentence it deemed appropriate. The court fully discharged its duties prior to accepting Appellant's guilty plea and finding that Appellant's guilty pleas were knowingly, intelligently, and voluntarily made. As such, there is no non-frivolous issue for appeal regarding Appellant's guilty plea.

### *Sentencing*

{¶15} When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 2013-Ohio-5025, ¶ 7 (8th Dist.); *State v. McMillen*, 2022-Ohio-1212, ¶ 10 (5th Dist.). An appellate court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Pursuant to R.C. 2953.08(G)(2), an appellate court may either increase, reduce, modify, or vacate a sentence and remand for resentencing if the court clearly and convincingly finds that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell,* 2014-Ohio-3177, ¶ 28.

**{¶16}** A review of the record reveals that Appellant's sentences were proper and are not contrary to law. The sentences are within the statutory range, and the parties stipulated that none of the offense merged for sentencing purposes. The court listened to Appellant's allocution, evaluated the pre-sentence investigation report, properly considered all sentencing factors and principles, and post-release control was explained on the record. Thus, there is no non-frivolous issue for appeal regarding Appellant's sentence. As such, Appellant's potential assignment of error is wholly without merit.

## CONCLUSION

**{¶17}** After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders.* Attorney Campbell's motion to withdraw as counsel for Appellant is hereby granted. The judgment of the Muskingum County Court of Common Pleas is affirmed.

**{¶18}** Costs to Appellant.

By: Montgomery, J.
King, P.J. and
Popham, J. concur.