[Cite as *State v. Humphrey*, 2026-Ohio-621.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 25 CAA 08 0067 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Case No. 25 CRI 04 0270 |
| KARIN ELIZABETH HUMPHREY, | Judgment:   Affirmed |
| Defendant - Appellant | Date of Judgment Entry: February 23, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Judges

**APPEARANCES:** MELISSA A. SCHIFFEL and KATHERYN L. MUNGER, for Plaintiff-Appellee; APRIL F. CAMPBELL, for Defendant-Appellant.

*Montgomery, J.*

{¶1}   This matter comes before the Court upon the Motion to Withdraw and *Anders* brief filed by Attorney April F. Campbell, appointed appellate counsel for Defendant/Appellant, Karin Humphrey ("Humphrey"). After timely filing the notice of appeal, appellate counsel filed the instant Motion and brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

**STATEMENT OF RELEVANT FACTS AND THE CASE**

**{¶2}** In December 2023, the Delaware County Drug Task Force ("Task Force") executed a search warrant on Humphrey's residence. As a result of the search, the Task Force seized 62, 30 milligram tablets of Oxycodone, 2 morphine tablets, approximately 377 grams of cocaine, $38,431.14 in cash and a firearm.

**{¶3}** The Task Force executed a second search warrant in October 2024. As a result of that search, the Task Force seized fentanyl, methamphetamine, psilocin, and approximately 209 grams of cocaine.

**{¶4}** Humphrey was indicted on April 24, 2025, on five counts of drug related charges in Case Number 25 CRI 04 0270 (hereinafter "drug case"). Two of the counts were for Possession of Cocaine in violation of R.C. 2925.11(A). It is this case that is the subject of this appeal.

**{¶5}** While awaiting trial on the drug charges, Humphrey was released from jail on pretrial supervision and equipped with a GPS monitoring unit. Humphrey removed her GPS monitoring unit and the trial court issued a warrant for her arrest.

**{¶6}** On May 8, 2025, Adult Court Services attempted to arrest Humphery and take her into custody. Humphrey resisted and kicked Probation Officer Ritter in the groin area. As a result, Humphery was charged with Obstructing Official Business in violation of R.C. 2921.31 in Case Number 25 CRI 06 0391 (hereinafter "obstruction case").

**{¶7}** The State and Humphrey entered into plea negotiations in the drug case wherein the State agreed to dismiss three of the counts and Humphrey pleaded guilty to two counts of first-degree felony possession of cocaine.

**{¶8}** Humphrey also pleaded guilty to Obstructing Official Business in the obstruction case.

**{¶9}** The trial court held one change of plea hearing for both the drug case and the obstruction case.

**{¶10}** Prior to the change of plea hearing, Humphrey signed a Withdrawal of Former Plea of Not Guilty to Indictment, Written Pleas of Guilty to Count One of the Indictment and Count Three of the Indictment in the drug case. Humphrey also signed a Written Text of Criminal Rule 11 (F) Agreement in the same case.

**{¶11}** During the change of plea hearing, Humphrey pleaded guilty to two first degree felony possession of cocaine charges and the State dismissed the other three counts in the drug case. *Judgment Entry on Guilty Pleas.*

**{¶12}** Humphrey also pleaded guilty to Obstructing Official Business in the obstruction case. *Id.*

**{¶13}** The trial court found Humphrey guilty on all three counts and set the cases for a singular sentencing hearing. *Id.*

**{¶14}** The trial court sentenced Humphrey in the drug case to a minimum prison term of 11 years to an indefinite term of 16.5 years on Count One and an indefinite prison term of 8 years on Count Three. The trial court sentenced Humphrey to an indefinite prison term of twelve months in the obstruction case. The trial court ordered the sentences in the drug case to run consecutively to each other and consecutively to the sentence in the obstruction case. *Judgment Entry of Prison Sentence*, p. 2.

**{¶15}** Attorney April F. Campbell, appellate counsel for Humphrey, filed the instant brief pursuant to *Anders* and moved to withdraw on October 17, 2025. The *Anders* brief

stated that counsel has reviewed the entire record, researched potential issues, and determined that there are no non-frivolous issues to support an appeal. Attorney Campbell stated the record demonstrates Humphrey's guilty pleas were knowing, intelligent, and voluntary and that her sentences are not contrary to law.

**{¶16}** Attorney Campbell requested that this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal and further certified that she provided a copy of the Anders Brief to Humphrey.

**{¶17}** This Court informed Humphrey in a Judgment Entry that the Court received notice she had been informed by her attorney that an Anders brief had been filed on her behalf, and that Humphrey had been supplied with a copy. In addition, the Judgment Entry granted Humphrey sixty days from the date of the Entry to file a pro se brief in support of his appeal. Humphrey has not filed a pro se brief.

## STANDARD OF REVIEW

**{¶18}** The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth *in Anders v. California,* 386 U.S. 738. The U.S. Supreme Court found if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. *Anders*, at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters the client so chooses. *Id.*

**{¶19}** The appellate court must conduct a full examination of the proceedings and decide if the appeal is indeed wholly frivolous. *Id.* If the appellate court determines the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. *Id.*

## Proposed Potential Assignment of Error

**{¶20}** "I. THE TRIAL COURT ERRED IN ACCEPTING HUMPHREY'S GUILTY PLEAS UNDER CRIM.R. 11 AND ERRED IN SENTENCING HER."

## Guilty Plea

**{¶21}** Criminal Rule 11 governs pleas and rights of defendants upon a plea. Crim.R. 11(C)(2) states:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial,

to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶22}** When reviewing a plea's compliance with Crim.R. 11(C), this Court will apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109 (1990); *State v. Lebron*, 2020-Ohio-1507, ¶ 9 (8th Dist.); *State v. Groves*, 2019-Ohio-5025, ¶ 7 (5th Dist.).

**{¶23}** This Court has stated, "Guilty pleas must be made knowingly, intelligently and voluntarily." *State v. Hinkel*, 2024-Ohio-5499, ¶ 25 (5th Dist.).

**{¶24}** During the change of plea hearing in the case at hand, the trial judge entered into a colloquy with Humphrey wherein she stated that she understood the nature of the charges and the maximum penalties involved. She stated that she understood the effect of changing her pleas from not guilty to guilty and the rights she waived. *Change of Plea Hearing Transcript*, pp. 17-19. She signed a Withdrawal of Former Plea of Not Guilty to Indictment, Written Pleas of Guilty to Count One of the Indictment and Count Three of the Indictment. She also signed a Written Text of Criminal Rule 11(F) Agreement.

**{¶25}** After independently reviewing the entire record, we find that the trial court complied with Crim.R. 11 and did not err in accepting Humphrey's guilty pleas. As such, there is no non-frivolous issue for appeal regarding Humphrey's guilty pleas.

**Sentencing**

**{¶26}** Humphrey next argues that the trial court erred in sentencing her. We disagree.

**{¶27}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in RC. 2929.12. *State v. McMillen*, 2022-Ohio-1212, ¶ 10 (5th Dist.). An appellate court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22. Pursuant to R.C. 2953.08(G)(2), an appellate court may either increase, reduce, modify, or vacate a sentence and remand for resentencing if the court clearly and convincingly finds that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14 (B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

**{¶28}** In the case sub judice, the trial court found Humphrey guilty on both counts, deferred sentencing and ordered a presentence investigation. *Judgment Entry on Guilty Pleas.*

**{¶29}** Prior to the sentencing hearing, Humphrey and the State both filed separate sentencing memorandums. During the sentencing hearing, Humphrey and her attorney both made allocution statement.

**{¶30}** Through its Judgment Entry of Prison Sentence filed on July 30, 2025, the trial court stated, "The Court has considered the record, oral statements of counsel and the Defendant, any victim impact statement, and any presentence investigation report prepared by the Delaware County Office of Adult Court Services, as well as the principles and purposes of sentencing under Ohio Revised Code 2929.11. The Court has also balanced the seriousness and recidivism factors under R.C. 2929.12."

**{¶31}** In both the drug case and obstruction case, Humphrey was sentenced within the statutory guidelines and the trial court ordered the sentences to run consecutively.

**{¶32}** The trial court found that, "[p]ursuant to 2929.14(C)(4), the Court finds that consecutive sentences are necessary to protect the public from future crime or to punish the Defendant; and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public; and the Defendant's criminal history demonstrates consecutive sentences are necessary to protect the public from future crime by the Defendant." *Judgment Entry of Prison Sentence*, p. 2.

**{¶33}** Based upon this Court's independent review of the record, we find that the trial court did not err in sentencing Humphrey.

## CONCLUSION

**{¶34}** After independently reviewing the record, we agree with Humphrey's counsel's conclusion that no arguable meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders.*

**{¶35}** Attorney April F. Campbell's motion to withdraw as counsel for Humphrey is hereby granted.

**{¶36}** For the reasons stated in this Opinion, the judgment of the Delaware County Court of Common Pleas is Affirmed.

**{¶37}** Costs to Appellant.

By: Montgomery, J.

King, P.J. and

Hoffman, J. concur.