[Cite as *State v. Humphrey*, 2026-Ohio-620.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 25 CAA 08 0066 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Case No. 25 CRI 06 0391 |
| KARIN ELIZABETH HUMPHREY, | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: February 23, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Judges

**APPEARANCES:** MELISSA A. SCHIFFEL and KATHERYN L. MUNGER, for Plaintiff-Appellee; APRIL F. CAMPBELL, for Defendant-Appellant.

*Montgomery, J.*

{¶1} This matter comes before the Court upon the Motion to Withdraw and *Anders* brief filed by Attorney April F. Campbell, appointed appellate counsel for Defendant/Appellant, Karin Humphrey ("Humphrey"). After timely filing the notice of appeal, appellate counsel filed the instant Motion and brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

## STATEMENT OF RELEVANT FACTS AND THE CASE

**{¶2}** Humphrey was indicted on April 24, 2025, on five counts of drug related charges in the Delaware County Common Pleas Court in case number 25 CRI 04 0270 (hereinafter "drug case").

**{¶3}** While awaiting trial on the drug charges, Humphrey was released from jail on pretrial supervision and equipped with a GPS monitoring unit. Humphrey removed her GPS monitoring unit and the trial court issued a warrant for her arrest.

**{¶4}** On May 8, 2025, Adult Court Services attempted to arrest Humphrey and take her into custody. Humphrey resisted and kicked Probation Officer Ritter in the groin area. As a result, Humphrey was charged with Obstructing Official Business in violation of R.C. 2921.31 in case number 25 CRI 06 0391 (hereinafter "obstruction case"). It is this case that is the subject of this appeal.

**{¶5}** The trial court held one change of plea hearing for the drug case and the obstruction case on June 24, 2025. Prior to the hearing, Humphrey signed a Withdrawal of Former Plea of Not Guilty, Written Plea of Guilty to the Information and Judgment Entry. Humphrey also signed a Written Text of Criminal Rule 11(F) Agreement.

**{¶6}** During the change of plea hearing, Humphrey pleaded guilty to two counts of first-degree felony possession of cocaine in the drug case and one count of obstructing official business in the obstruction case. *Change of Plea Hearing Transcript*, p. 14. The trial court found Humphrey guilty on all charges and set the cases for a singular sentencing hearing. *Id.*, p. 42.

**{¶7}** In the drug case, the trial court sentenced Humphrey to a minimum prison term of 11 years to an indefinite term of 16.5 years. The trial court sentenced Humphrey

to an indefinite prison term of 8 years on Count Three. *Judgment Entry of Prison Sentence*, p. 2.

{¶8} In the obstruction case, the trial court sentenced Humphrey to an indefinite prison term of 12 months. *Id.*

{¶9} The trial court ordered the prison sentences in the drug case to run consecutively to each other and consecutively to the sentence ordered in the obstruction case. *Id.*

{¶10} Attorney April F. Campbell, appellate counsel for Humphrey, filed the instant brief pursuant to *Anders* and moved to withdraw on October 17, 2025. The *Anders* brief stated that counsel has reviewed the entire record, researched potential issues, and determined that there are no non-frivolous issues to support an appeal. Attorney Campbell stated the record demonstrates Humphrey's guilty pleas were knowing, intelligent, and voluntary and that her sentences are not contrary to law.

{¶11} Attorney Campbell requested that this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal and further certified that she provided a copy of the *Anders* Brief to Humphrey.

{¶12} This Court informed Humphrey in a Judgment Entry that the Court received notice she had been informed by her attorney that an *Anders* brief had been filed on her behalf, and that Humphrey had been supplied with a copy. In addition, the Judgment Entry granted Humphrey sixty days from the date of the Entry to file a pro se brief in support of this appeal. Humphrey has not filed a pro se brief.

## STANDARD OF REVIEW

{¶13}   The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth in *Anders v. California,* 386 U.S. 738. The U.S. Supreme Court found if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. *Anders*, at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters the client so chooses. *Id.*

{¶14}   The appellate court must conduct a full examination of the proceedings and decide if the appeal is indeed wholly frivolous. *Id.* If the appellate court determines the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. *Id.*

### Proposed Potential Assignment of Error

{¶15}   "I.  THE TRIAL COURT ERRED IN ACCEPTING HUMPHREY'S GUILTY PLEAS UNDER CRIM.R. 11 AND ERRED IN SENTENCING HER."

### Guilty Plea

{¶16}  Criminal Rule 11 governs pleas and rights of defendants upon a plea. Crim.R. 11(C)(2) states:

> In felony cases the court may refuse to accept a plea of guilty or a plea of
> no contest, and shall not accept a plea of guilty or no contest without first
> addressing the defendant personally either in-person or by remote
> contemporaneous video in conformity with Crim.R. 43(A) and doing all of
> the following:

(a)     Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b)     Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c)     Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶17} When reviewing a plea's compliance with Crim.R. 11(C), this Court will apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109. (1990); *State v. Lebron*, 2020-Ohio-1507, ¶ 9 (8th Dist.); *State v. Groves*, 2019-Ohio-5025, ¶ 7 (5th Dist.).

{¶18} This Court has stated, "Guilty pleas must be made knowingly, intelligently and voluntarily." *State v. Hinkel*, 2024-Ohio-5499, ¶ 25 (5th Dist.).

{¶19} During the change of plea hearing in the case at hand, the trial judge entered into a colloquy with Humphrey wherein Humphrey stated that she understood the nature of the charges and the maximum penalties involved. She stated that she

understood the effect of changing her pleas from not guilty to guilty and the rights she waived. *Change of Plea Hearing Transcript*, pp. 17-19.

**{¶20}** After independently reviewing the entire record, we find that the trial court complied with Crim.R. 11 and did not err in accepting Humphrey's guilty pleas. As such, there is no non-frivolous issue for appeal regarding Humphrey's guilty pleas.

### Sentencing

**{¶21}** Humphrey next argues that the trial court erred in sentencing her. We disagree.

**{¶22}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in RC. 2929.12. *State v. McMillen*, 2022-Ohio-1212, ¶ 10 (5th Dist.). An appellate court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22. Pursuant to R.C. 2953.08(G)(2), an appellate court may either increase, reduce, modify, or vacate a sentence and remand for resentencing if the court clearly and convincingly finds that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14 (B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

**{¶23}** In the case sub judice, the trial court accepted Humphrey's pleas of guilty, deferred sentencing and ordered a presentence investigation. *Judgment Entry on Guilty Pleas*. Humphrey and the State both filed separate sentencing memorandums. During the sentencing hearing, Humphrey and her attorney both made an allocution statement.

**{¶24}** The trial court sentenced Humphrey within the statutory guidelines in both the drug case and obstruction case. The trial court stated, "The Court has considered the

record, oral statements of counsel and the Defendant, any victim impact statement, and any presentence investigation report prepared by the Delaware County Office of Adult Court Services, as well as the principles and purposes of sentencing under Ohio Revised Code 2929.11. The Court has also balanced the seriousness and recidivism factors under R.C. 2929.12." *Judgment Entry of Prison Sentence*, p. 1.

**{¶25}** The trial court also found that, "[p]ursuant to 2929.14 (C)(4), the Court finds that consecutive sentences are necessary to protect the public from future crime or to punish the Defendant; and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public; and the Defendant's criminal history demonstrates consecutive sentences are necessary to protect the public from future crime by the Defendant." *Id.*, p. 2.

**{¶26}** Based upon this Court's independent review of the record, we find that the trial court did not err in sentencing Humphrey.

**{¶27}** We find no arguable meritorious issue exists with respect to the trial court's acceptance of Humphrey's guilty pleas or the trial court's sentence imposed upon her.

## CONCLUSION

**{¶28}** After independently reviewing the record, we agree with Humphrey's counsel's conclusion that no arguable meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders.*

**{¶29}** Attorney April F. Campbell's motion to withdraw as counsel for Humphrey is hereby granted.

**{¶30}** For the reasons stated in this Opinion, the judgment of the Delaware County Court of Common Pleas is Affirmed.

**{¶31}** Costs to Appellant.

By: Montgomery, J.

King, P.J. and

Hoffman, J. concur.